**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY | Civil Action No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| CENTERS FOR CARE, LLC d/b/a CENTERS FOR SPECIALITY CARE, CHURCH BED HOLDING COMPANY, LLC, WHITE BED HOLDING COMPANY, LLC, GENERATIONS MANAGEMENT SERVICES, LLC, CHURCH HEALTHCARE, LLC d/b/a INNOVA HEALTH & REHAB AT MT. LAUREL, WHITE HORSE HEALTHCARE, LLC d/b/a INNOVA HEALTH & REHAB AT HAMMONTON, INNOVA BURLINGTON CHURCH LAND, LLC, ATLANTIC HEALTH LAND HOLDINGS, LLC, BRIDGE HEALTHCARE, LLC d/b/a INNOVA HEALTH & REHAB AT DEPTFORD, INNOVA BURLINGTON CHURCH OPERATIONS, LLC d/b/a MOUNT LAUREL CENTER FOR REHABILITATION AND HEALTHCARE, | |
| Defendants. | |

Plaintiff Columbia Casualty Company by way of Complaint against Defendants, Centers for Care, LLC, Church Bed Holding Company, LLC, White Bed Holding Company, LLC, Generations Management Services, LLC, Church Healthcare, LLC, d/b/a Innova Health & Rehab at Mt. Laurel, White Horse Healthcare, LLC, d/b/a Innova Health & Rehab at Hammonton, Innova Burlington Church Land, LLC, Atlantic Health Land Holdings, LLC, Bridge Healthcare, LLC d/b/a Innova Health & Rehab at Deptford, Innova Burlington Church Operations, LLC d/b/a Mount Laurel Center for Rehabilitation and Healthcare, states as follows:

**THE PARTIES**

1.      Plaintiff Columbia Casualty Company ("Columbia") is an Illinois corporation engaged in the insurance business with a statutory home office and principal place of business located at 151 North Franklin Street, Chicago, Illinois.  Columbia is authorized to transact business in the State of New York.

2.      Defendant Centers for Care, LLC d/b/a Centers for Specialty Care ("Centers for Care") is a limited liability company organized under the laws of the State of New York with a principal place of business at 4770 White Plains Road, 3rd Floor, Bronx, New York 10470.  Upon information and belief, the only member of Centers for Care is Daryl D. Hagler, a resident of the State of New York with an address at 1 Hunters Run, Suffern, New York 10901.

3.      Defendant Church Bed Holding Company, LLC ("Church Bed Holding") is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 3718 Church Road, Mount Laurel, New Jersey 08054.  Upon information and belief, the only member of Church Bed Holding is Daryl D. Hagler, a citizen of the State of New York with an address at 1 Hunters Run, Suffern, New York 10901.

4.      Defendant White Bed Holding Company, LLC ("White Bed Holding") is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 3718 Church Road, Mount Laurel, New Jersey 08054.  Upon information and belief, the only member of White Bed Holding is Daryl D. Hagler, a citizen of the State of New York with an address at 1 Hunters Run, Suffern, New York 10901.

5.      Defendant Generations Management Services, LLC ("Generations Management") is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 405 Cedar Lane, Teaneck, New Jersey 07666.  Upon information and belief, there are two members of Generations Management.  Upon information and belief, the first member

is Drew A. Barile, a resident of the State of New Jersey with an address at 10 Manymind Avenue, Atlantic Highlands, New Jersey 07716.  Upon information and belief, the second member is Alan G. Litt, a resident of the State of Florida with an address at 9595 Collins Avenue, Apt. 809N, Surfside, Florida 33154.

6.      Defendant Church Healthcare, LLC, ("Church Healthcare") d/b/a Innova Health & Rehab at Mt. Laurel is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 3718 Church Road, Mount Laurel, New Jersey 08054. Upon information and belief, the only member of Church Healthcare is Alan G. Litt, a citizen of the State of Florida with an address at 9595 Collins Avenue, Apt. 809N, Surfside, Florida 33154.

7.      Defendant White Horse Healthcare, LLC, ("White Horse") d/b/a Innova Health & Rehab at Hammonton is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 43 North White Horse Pike, Hammonton, New Jersey 08037.  Upon information and belief, there are two members of White Horse.  Upon information and belief, the first member is Victoria A. Scott, a citizen of the State of New Jersey with an address at 612 Hay Road, Absecon, New Jersey 08201.  Upon information and belief, the second member is Alan G. Litt, a citizen of the State of Florida with an address at 9595 Collins Avenue, Apt. 809N, Surfside, Florida 33154

8.      Defendant Innova Burlington Church Land, LLC ("Innova Burlington Church") is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 3718 Church Road, Mount Laurel, New Jersey 08054.  Upon information and belief, the only member of Innova Burlington Church is Daryl D. Hagler, a citizen of the State of New York with an address at 1 Hunters Run, Suffern, New York 10901.

9.      Defendant Atlantic Health Land Holdings, LLC ("Atlantic Health Land Holdings") is a limited liability company organized under the laws of the State of New Jersey with a principal

place of business at 3718 Church Road, Mount Laurel, New Jersey 08054. Upon information and

belief, the only member of Innova Burlington Church is Daryl D. Hagler, a citizen of the State of

New York with an address at 1 Hunters Run, Suffern, New York 10901.

10.    Defendant Bridge Healthcare, LLC d/b/a Innova Health & Rehab at Deptford

("Bridge Healthcare"), is a limited liability company organized under the laws of the state of New

Jersey with a principal place of business at 1511 Clements Bridge Road, Deptford, New Jersey

08096. Upon information and belief, the only member of Bridge Healthcare is Alan G. Litt, a

citizen of the State of Florida with an address at 9595 Collins Avenue, Apt. 809N, Surfside, Florida

33154.

11.    Defendant Innova Burlington Church Operations, LLC ("Innova Burlington") d/b/a

Mount Laurel Center for Rehabilitation and Healthcare, is a limited liability company organized

under the laws of the State of New Jersey. Upon information and belief, the only known member of

Innova Burlington is Marquis Health Services LLC ("Marquis Health"), a limited liability company

organized under the laws of the State of New Jersey with a principal place of business at 1608

Route 88, Suite 301, Brick, New Jersey 08724. Upon information and belief, the only known

member of Marquis Health is Jennifer L. Hartzog, a resident of the State of Utah with an address at

127 East 1st Avenue, Apt. 17E, Salt Lake City, Utah 84103.

12.    Centers for Care, Church Bed Holding, White Bed Holding, Generations

Management, Church Healthcare, White Horse, Innova Burlington Church, Atlantic Health Land

Holdings, Bridge Healthcare, Innova Burlington are collectively referred to as "Defendants."

## JURISDICTIONAL ALLEGATIONS

13.    The amount in controversy between the parties is in excess of $75,000.

14.    Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Pursuant

to 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial part of the

events, including contract formation, or omissions giving rise to the claim occurred in New York.

## FACTUAL BACKGROUND

15.     Columbia repeats, restates and realleges the allegation of Paragraphs 1 through 14 as if fully set forth herein.

16.     Columbia issued a policy of professional and general liability insurance to Defendants under Policy No. PLC 6014901847 for the effective dates of November 1, 2015, through November 1, 2016 ("2015 Policy").

17.     Columbia issued a policy of professional and general liability insurance to Defendants under Policy No. PLC 6014901847 for the effective dates of November 1, 2016, through November 1, 2017 ("2016 Policy").  The 2015 Policy and the 2016 Policy are collectively referred to as the "Policies."

18.     The Policies are insurance contracts which provide insurance coverage for certain liabilities of Defendants as set forth in the Policies.

19.     Centers for Care is the first Named Insured on the Policies.  Defendants are all Named Insureds on the Policies.

20.     Defendants submitted multiple claims for coverage under the Policies.

21.     Columbia fulfilled its contractual obligations and provided the coverage afforded by the Policies.

22.     Pursuant to the terms of the 2015 Policy, Defendants have a deductible obligation of $50,000 per claim submitted for coverage.

23.     Pursuant to the terms of the 2016 Policy, Defendants have a deductible obligation of $100,000 per claim submitted for coverage.

24. Columbia issued invoices and/or demands for the payment of the unpaid deductibles under the Policies in the amount of $630,000 to Defendants for losses within their deductible in a timely fashion.

25. Defendants, however, have failed and refused to remit payment.

26. Defendants are currently indebted, jointly and severally, to Columbia in the amount of $630,000 due to Defendants' failures and refusals to remit payment of deductibles pursuant to the Policies.

27. Columbia has repeatedly demanded payment of the $630,000 balance owed, jointly and severally, by Defendants to Columbia and attempted to collect same without success.

## COUNT ONE
### (Breach of Contract)

28. Columbia repeats, restates and realleges the allegations of Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. The Policies are written New York contracts.

30. Defendants are jointly and severally liable for any deductible amounts owed to Columbia.

31. Defendants have failed and refused to remit payment of the $630,000 owed to Columbia, and remain indebted to Columbia in that amount.

32. Columbia has consistently met its contractual obligations to Defendants.

33. Defendants, through their failures and refusals to remit payment, have breached the Policies.

34. Defendants' failures and refusals to pay the $630,000 balance which they owe to Columbia has resulted in damages to Columbia in the amount of $630,000, plus interest, attorney's fees, expenses and court costs.

**WHEREFORE**, Columbia demands judgment against Defendants, jointly and severally, in the amount of $630,000 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

35.     Columbia repeats, restates and realleges the allegations of Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

36.     Columbia has provided insurance coverage and related services to Defendants for which Defendants have refused to pay.

37.     Defendants acknowledged and accepted the insurance coverage and related services provided by Columbia.

38.     It would be unconscionable for Defendants to retain the benefits of insurance coverage and related services without payment to Columbia.

39.     Columbia has repeatedly demanded that Defendants remit payment of the $630,000 owed to Columbia for the insurance coverage and related services provided by Columbia.

40.     Defendants have failed, refused and continue to refuse to pay the balance due and owing to Columbia, thereby resulting in damages to Columbia in the amount of $630,000, plus interest, attorney fees and costs.

**WHEREFORE**, Columbia demands judgment against Defendants, jointly and severally, in the amount of $630,000 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT THREE
### (Account Stated)

41.     Columbia repeats, restates and realleges the allegations of Paragraphs 1 through14 of this Complaint as if fully set forth herein.

42.    Pursuant to the Policies, Columbia and Defendants had transactions between them.

43.    Defendants, being indebted to Columbia upon accounts stated between them, promised to pay Columbia upon demand.

44.    Defendants did not dispute the accounts stated by Columbia.

45.    Defendants have failed, refused and continue to refuse to pay the balance due and owing to Columbia thereby resulting in damages to Columbia, in the amount of $630,000, plus interest, attorney fees and costs.

**WHEREFORE**, Columbia demands judgment against Defendants, jointly and severally, in the amount of $630,000 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

Dated this 6th day of July, 2020.

**THOMAS KADIAN, LLC**
11 Broadway, Suite 615
New York, New York 10004
Telephone: (646) 970-6420
Facsimile: (646) 780-0204
Email: dkadian@thomaskadian.com

*Counsel for Plaintiff*

*/s/ Dennis E. Kadian*
Dennis Kadian, Esq.